IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KELLY P. TANG | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:19-CV-1005 |
| | § | |
| vs. | § | |
| | § | |
| TOYOTA MOTOR CORPORATION, | § | |
| TOYOTA MOTOR SALES, USA, INC. | § | |
| TOYOTA MOTOR ENGINEERING AND | § | |
| MANUFACTURING NORTH | § | |
| AMERICA, INC | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, KELLY P. TANG, by and through the undersigned attorneys, bring this complaint against Defendants TOYOTA MOTOR CORPORATION, a foreign corporation; TOYOTA MOTOR SALES, U.S.A., a foreign corporation, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., a foreign corporation as follows:

## I.
## PARTIES AND JURISDICTION

1. At all times relevant herein, Kelly P. Tang was a citizen of the United States residing in San Antonio, Bexar County, Texas.

2. Defendant TOYOTA MOTOR CORPORATION ("TMC") is a foreign For-Profit Corporation organized and existing under the laws of Japan with its principal place of business at 1 Toyota-Cho, Toyota City, Aichi Prefecture 471-8571, Japan. TMC has directly, and through the wholly owned subsidiaries and/or joint ventures, carried on regular business activities in the State of Texas and it has at all times relevant been in the business

of designing, developing, manufacturing, assembling, testing, inspecting, marketing, promoting, distributing, advertising or selling motor vehicles including the 2012 Toyota Sienna involved in the incident at issue in this litigation.

3.   Defendant, TMC is subject to the jurisdiction of this Court because it transacts business within Texas or contracts to supply good or services in Texas; regularly does or solicits business or engages in any persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered, in Texas and committed a tortious act causing injury to a parson or property within Texas; and expects the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

4.   Defendant TOYOTA MOTOR SALES, U.S.A., INC. ("TMS") is a subsidiary of TMC, is a California corporation with its principal place of business at 190001 South Western Avenue, Torrance, California 90501. TMS has directly and through its wholly owned subsidiaries and/or joint ventures, carried on regular business activities in the State of Texas, and it has at all times relevant been in the business of designing, developing, manufacturing, assembling, testing, inspecting, marketing, promoting, distributing, advertising, or selling motor vehicles, including the 2012 Toyota Sienna involved in the incident at issue in this litigation.

5.   Defendant, TMS is subject to the jurisdiction of this Court because it transacts business within Texas or contracts to supply good or services in Texas; regularly does or solicits business or engages in any persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered, in Texas and committed a tortious act causing injury to a parson or property within Texas; and expects the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

6.   Defendant TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH

2

AMERICA, INC., ("TEMA") is a wholly owned subsidiary and/or operational unit or division of TMC. TEMA is a Kentucky corporation with its principal place of business at 25 Atlantic Avenue, Erlanger, Kentucky 41018. TEMA has directly and through its wholly owned subsidiaries and/or joint ventures, carried on regular business in the State of Texas, and it has at all times relevant been in the business of designing, developing, manufacturing, assembling, testing, inspecting, marketing, promoting, distributing, advertising or selling motor vehicles, including the 2012 Toyota Sienna involved in the incident made the basis of this litigation.

7.     Defendant, TEMA is subject to the jurisdiction of this Court because it transacts business within Texas or contracts to supply good or services in Texas; regularly does or solicits business or engages in any persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered, in Texas and committed a tortious act causing injury to a parson or property within Texas; and expects the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

8.     Defendant, TOYOTA MOTOR NORTH AMERICA, INC. ("TMNA") is a wholly owned subsidiary and/or operational unit of TMC. TMNA is a California corporation with its principal place of business at 19001 South Western Avenue, Torrance, California 90501. TMNA has directly and through its wholly owned subsidiaries and/or joint ventures, carried on regular business activities in the State of Texas, and it has at all times relevant been in the business of designing, developing, manufacturing, assembling, testing, inspecting, marketing, or promoting, distributing, advertising, or selling motor vehicles, including the 2012 Toyota Sienna involved in the incident made the basis of this litigation.

9.     Defendant, TMC is subject to the jurisdiction of this Court because it transacts business within Texas or contracts to supply good or services in Texas; regularly does or solicits

business or engages in any persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered, in Texas and committed a tortious act causing injury to a parson or property within Texas; and expects the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

## II.
## JURISDICTION AND VENUE

10. This Court has diversity jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. Section 1332(a)(1) as the amount in controversy exceeds the sum of $75,000.00 and the claim arises between citizens of different states.

11. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391, as the injuries sustained by the Plaintiff occurred in Bexar County, Texas and were committed within the Western District of Texas, San Antonio Division.

## III.
## FACTS & BACKGROUND

12. This is a product liability and personal injury action, arising from the injuries sustained by the Plaintiff KELLY P. TANG as a direct and proximate result of the defective nature of the subject product, a 2012 Toyota Sienna XL, VIN No. 5TDYK3DC2CS186533 [hereinafter referred to as "Subject Vehicle"], and/or its component parts designed, developed selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, imported and/or sold by TOYOTA MOTOR SALES, U.S.A..; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR NORTH AMERICA, INC. At all times relevant herein, Kelly P. Tang was a citizen of the United States residing in San Antonio, Bexar County, Texas.

13. Defendants TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES, U.S.A.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.;

4

and TOYOTA MOTORS NORTH AMERICA, INC., are collectively referred to herein as "TOYOTA" or "TOYOTA DEFENDANTS".

14.     This is an action for damages that exceed the minimum monetary threshold of the Court, exclusive of interest, costs, and is otherwise within the jurisdiction of this Court.

15.     The Plaintiff purchased a 2012 Toyota Sienna XLE, VIN 5TDYK3DC2CS186533, which is the subject of this complaint, from a Texas dealer in the fall of 2015. The Plaintiff purchased the subject vehicle from the dealer as a new vehicle without substantial modification or alteration of its original condition, safe for normal wear and tear.

16.     On August 12, 2018, the Plaintiff entered her vehicle as she prepared to go to work at her residence, 12230 Ridge Summit Drive, San Antonio, Texas 78230. The Plaintiff sat in the vehicle and closed the door. The Plaintiff then turned the ignition key to enervate the vehicle. The Plaintiff then remembered that she had forgotten her various materials for her job. The Plaintiff then opened the door and began to exit the vehicle. As the Plaintiff exited the vehicle, the vehicle engaged in reverse and began to move. The Plaintiff was trapped between the chassis and the door of the subject vehicle. The Plaintiff was unable to avoid the subject vehicle and the vehicle's left front tire ran over her torso and part of her head.

17.     At all times material hereto, the Plaintiff exercised due care and was properly using and operating the subject vehicle for the purpose and in the manner for which it was designed, marketed and sold. The subject vehicle was not reasonably safe when being so used in a foreseeable manner, but, to the contrary, was defective when being so used, as was demonstrated by the fact that the vehicle shifted from park to reverse despite the fact that the engine was idling and the brakes were not engages. The Toyota Defendants knew, or in the exercise of reasonable care, should have known, that said vehicle was unreasonably dangerous to the human body when being so used in a foreseeable manner and there're

should have warned consumer of this danger.

18.    At the time that the Plaintiff began to exit the vehicle, the vehicle was on, but the gear shift was in Park.

19.    On or about August 12, 2018, with the subject vehicle's engine turned off, and the ignition key removed from the ignition cylinder, the subject vehicle rolled forward from the driveway of the Tang residence, located at 12230 Ridge Summit Drive ultimately rolling up against the side of the Tang residence before coming to a stop.

20.    During this, the Plaintiff's transmission system failed to perform in a reasonably safe manner, resulting in the injuries to the Plaintiff.

21.    The subject vehicle contained a transmission system that was designed, developed, manufactured, assembled, inspected, tested, marketed, promoted, advertised, distributed or sold by the TOYOTA DEFENDANTS.

**IV.**
**CAUSES-OF-ACTIONS: 402 (A) STRICT LIABILITY**
**Claims against Toyota Defendants**
**Products liability – Defective Design and Crashworthiness**

22.    The Plaintiff hereby incorporates by reference paragraphs through 16 as if set forth fully herein.

23.    The subject vehicle was defective and unreasonably dangerous for its ordinary and foreseeable use and in violation of Federal Motor Vehicle Safety Standards and industry customs and standards in that the ignition key could be removed from the ignition cylinder in a cylinder position other than "LOCK" and in that the ignition key could be removed from the ignition cylinder with the gearshift selector in a position other than "Park" and in that, with the ignition key removed from the ignition cylinder, the shift selector could be moved from the "Park" detent to any other gearshift locator position and the gearshift

6

selector could be moved from the "Park" detent without actuation of the brake transmission shift interlock ("BTSI").

24.   By reason of the foregoing defective and unreasonably dangerous conditions of the subject vehicle as described in the preceding paragraph, the Toyota Defendants breached their duty to foreseeable users and consumers such as, and including, Plaintiff Kelly P. Tang of the subject vehicle to exercise that degree of ordinary and due care owed by a reasonable manufacturer to provide a motor vehicle which was reasonably safe for its intended and foreseeable uses.

25.   The Toyota Defendants owed a duty of reasonable care in the design, testing, manufacture, assembly, inspection, marketing, distribution, promotion, advertisement and sale of the subject vehicle and its transmission system to avoid exposing the Plaintiff to unnecessary and unreasonable risks.

26.   The Toyota Defendants breached that duty in one or more of the following ways:

a.   By failing to use due care in the design, development, manufacture, assembly, testing, inspection and/or servicing of the subject vehicle and the component parts of the transmission;

b.   By failing to incorporate within the subject vehicle and its design reasonable safeguards and protections against the vehicle's transmission moving from Park to Reverse without the input of the Plaintiff;

c.   By failing to incorporate within the subject vehicle and its s design reasonable safeguards and protections against the vehicle transmission engaging reverse from park without the input from the Plaintiff;

d.   By failing to identify and mitigate the hazards associated with the transmission engaging

reverse from park;

e.  By failing to warn foreseeable users of the unreasonable risks and dangers of the defective transmission of the subject vehicle even though the Toyota Defendants knew or should have known of the unreasonable condition in the transmission;

f.  By failing to recall the subject vehicle due to the transmission problems or, alternatively, failing to retrofit the transmission system once the problems were recognized;

g.  The 2012 Toyota Sienna's ignition-park interlock system and its component parts were defective in design, manufacture, assembly and warnings because it allowed for a condition where the gear selector could be moved out of park without first engaging the brakes, this allowing the vehicle to intentionally become mobile under foreseeable circumstances.

h.  The 2012 Toyota Sienna's and its component parts did not comply with Federal Motor Vehicle Safety Statute 114.

i.  The 2012 Toyota Sienna was its component parts were defective due to the Defendants' failure to test the vehicle and its parts to ensure that they were reasonably safe and suitable for their intended purpose and use and to ensure that they were not unreasonably dangerous under foreseeable operating circumstances.

j.  The 2012 Toyota Sienna and its component parts were defective due to inadequate or absent warnings and/or proper notice to owners and operators regarding the hazardous conditions, as herein described, involving the use and operation of the subject vehicle and comparable vehicles under foreseeable circumstances.

k.  The aforesaid defects of the subject vehicle could have been eliminated without compromising the utility and function of the vehicle.

27. As a direct, proximate and foreseeable result of the negligent acts of the Toyota Defendants, the Plaintiff suffered permanent bodily injuries, including torso and organ damage as well as facial and dental injuries. The event cased pain and suffering, disability, disfigurement, mental anguish, loss of earning capacity, and medical expenses. These losses are continuing. The negligence of the Toyota Defendants in designing, testing or failing to test, manufacturing, marketing, and selling the subject vehicle caused the dangerous condition of the ignition park interlock system and its components, allowing the vehicle gear shift selector to shift out of park without engaging the brakes.

28. By negligently designing, testing or failing to test, manufacturing, marketing and selling of the subject vehicle, the Toyota Defendants failed to use that degree of care, diligence and skill as other similar entities in that it failed to conduct adequate testing and to adopt safer, practical, feasible and otherwise reasonable alternative designs that could have  been reasonably adopted and would have prevented the incident and the injuries to the Plaintiff.

29. The negligent conduct of the Toyota Defendants was a proximate cause of the incident and the injuries sustained by the Plaintiff.

30. That by reason of the foregoing, the Plaintiff has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of this Court.

## V.
## CAUSES-OF-ACTIONS: NEGLIGENT DESIGN

31. The Plaintiff incorporates the factual allegations set forth in paragraphs ___.

32. The Toyota Defendants, as the designer, manufacturer, seller, marketer, and/or distributor of the subject vehicle and its component parts, had a duty to foreseeable owners and operators of the subject vehicle to exercise the same degree of care, diligence and skill to

warn and/or instruct the owners and operators about the hazards and dangerous conditions related to the use and operation of the subject vehicle in its intended manner as other manufacturer and marketers would have exercised. The Toyota Defendants failed to warn the consumer of the dangers associated with the use and operation of the subject vehicle and that negligence conduct was a proximate cause of the incident and the injuries to the Plaintiff.

33.   The Toyota Defendants were in a superior position to the Plaintiff to know of the dangers and hazards in the subject vehicle. The Toyota Defendants had an ongoing obligation to inform owners and operators of the defective condition of the subject vehicle. The absence of warnings and instructions created an unreasonably dangerous condition and risk to foreseeable owners and operators of the subject vehicle that the Toyota Defendants knew or should have known about in the exercise of ordinary care. The Toyota Defendants breached this duty and failed to warn the Plaintiff of the defective condition of the subject vehicle.

34.   The negligent failure to warn of the defective condition of the subject vehicle was a proximate cause of the incident and the injuries sustained by the Plaintiff.

## V.
## CAUSES-OF-ACTION: NEGLIGENT DESIGN
### Negligence of Toyota Defendants

35.   The Plaintiff hereby incorporates by reference the previous paragraphs 1 through 21 as if fully set forth herein:

36.   At all times prior to August 12, 2018, the Toyota Defendants knew or should have known that the transmission systems of the 2012 Toyota Sienna were defective and unreasonably dangerous for the reasons described hereinabove.

37.   Prior to the occurrence, the Toyota Defendants were engaged in the business of designing, developing, manufacturing, testing, inspecting, marketing and/or distributing motor

vehicles including the subject vehicle, throughout the United States for use by the general public. The Toyota Defendants, during said period and for valuable consideration, designed, manufactured, tested, inspected, marketed and/or distributed the subject vehicle that contributed to cause the severe injuries sustained by the Plaintiff.

38. At the aforesaid time and place, the subject vehicle, which was in substantially the same condition as when manufactured, furnished, sold and/or distributed, was being used in a manner that was foreseeable.

39. The subject vehicle and its component parts were in a defective and unreasonably dangerous condition at the time of the aforesaid occurrence in that:

   a. The 2012 Toyota Sienna's ignition-park interlock system and its component parts were defective in design, manufacture, assembly and warnings because it allowed for a condition where the gear selector could be moved out of park without first engaging the brakes, this allowing the vehicle to intentionally become mobile under foreseeable circumstances.

   b. The 2012 Toyota Sienna's and its component parts did not comply with Federal Motor Vehicle Safety Statute 114.

   c. The 2012 Toyota Sienna was its component parts were defective due to the Defendants' failure to test the vehicle and its parts to ensure that they were reasonably safe and suitable for their intended purpose and use and to ensure that they were not unreasonably dangerous under foreseeable operating circumstances.

   d. The 2012 Toyota Sienna and its component parts were defective due to inadequate or absent warnings and/or proper notice to owners and operators

11

regarding the hazardous conditions, as herein described, involving the use and operation of the subject vehicle and comparable vehicles under foreseeable circumstances.

40. The unreasonably dangerous nature of the subject vehicle and its component parts created a high probability that the vehicle when parked could unintentionally and without warning become mobile. The Toyota Defendants knew, or in the exercise of reasonable care should have known of the risks associated with the use and operation of the 2012 Toyota Sienna prior to the production and marketing of the subject vehicle. The aforesaid defects in the subject vehicle were not known toe the Plaintiff and were not discoverable by an owner operator of the vehicle through reasonable inspection.

## VI.
## STRICT PRODUCT LIABILITY: MARKETING

41. The Plaintiff incorporates the factual allegations set forth in paragraphs1 to __ above.

42. As a manufactures and marketer of vehicles sold to the general public, the Toyota Defendants have a continuing duty to warn the public of known dangers in its vehicles.

43. The Toyota Defendants, as the designer, manufacturer, assembler, marketer and/or seller of the subject vehicle had a duty to foreseeable owners and operators of the subject vehicles to exercise the same degree of care, diligence and skill to adequately warn and/or instruct them about the hazards and dangerous conditions related to the use and operation of the subject vehicle in its intended manner.  The Toyota Defendants failed to warn of the dangers associated with the  use and operation of the subject vehicle, particularly the condition allowing for the vehicle to shift from park to reverse without engaging the vehicle's brakes, and such defect was a producing and proximate cause of the injuries sustained by the Plaintiff.

44. The Toyota Defendants were in a position superior to that of the public and the Plaintiff to be aware of the dangerous and defective condition of the subject vehicle, as set forth herein. The Toyota Defendants had an obligation to inform owners and operators of the danger of the subject vehicle. Further, the Toyota Defendants had a superior opportunity to inspect the subject vehicle or vehicles like it and produce service bulletins and notices to the dealerships so that the routine maintenance could include this problem. The absence of adequate warnings and instructions created an unreasonably dangerous condition and risk to foreseeable owners and operators of the subject vehicle that the Toyota Defendants knew or should have known about in the exercise of ordinary care. As a result of the defective nature of the subject vehicle, including the design feature allowing the vehicle gear shifter to move from Park to Reverse without the use of the vehicle's brakes while the ignition was on, the Plaintiff sustained the injuries.

45. The unreasonably dangerous and defective condition of the subject vehicle's instructions and warnings was a producing and proximate cause of the injuries sustained by the Plaintiff.

46. The  key ignition and transmission were defective in design, manufacture, assembly and warnings because it allowed for a "false-park" situation whereupon the ignition could be however, the Toyota Defendants failed to warn foreseeable users and consumers of the subject 2012 Toyota Sienna of such defective and unreasonably dangerous conditions. As a direct and proximate result of such failure to warn, on August 12, 2018, the Plaintiff sustained serious injuries.

47. The subject vehicle was defective and unreasonably dangerous for its ordinary and foreseeable use and in violation of Federal Motor Vehicle Safety Standards and industry customs and standards in that the ignition key could be removed from the ignition cylinder in a cylinder position other than "LOCK" and in that the ignition key could be removed

13

from the ignition cylinder with the gearshift selector in a position other than "Park" and in that, with the ignition key removed from the ignition cylinder, the shift selector could be moved from the "Park" detent to any other gearshift locator position and the gearshift selector could be moved from the "Park" detent without actuation of the brake transmission shift interlock ("BTSI").

48. By reason of the foregoing defective and unreasonably dangerous conditions of the subject vehicle as described in the preceding paragraph, the Toyota Defendants breached their duty to foreseeable users and consumers such as, and including, Plaintiff Kelly P. Tang of the subject vehicle to exercise that degree of ordinary and due care owed by a reasonable manufacturer to provide a motor vehicle which was reasonably safe for its intended and foreseeable uses.

49. All of the defective and unreasonably dangerous conditions in the subject vehicle as described in detail hereinabove, existed at the time the subject vehicle left the Toyota Defendants' hands.

50. At all times material hereto, the Toyota Defendants designed, developed, manufactured, marketed, assembled, tested, inspected, distributed, sold and placed the subject vehicle into the stream of commerce. The subject vehicle reached the Plaintiff without substantial change.

51. At all times material hereto, the subject vehicle was unreasonably dangerous and defective because:

   a. The Toyota Defendants failed to use due care in the design, manufacture, testing, inspecting, marketing and/or servicing of the transmission of the subject vehicle;

   b. The Toyota Defendants failed to provide adequate warnings regarding the transmission system and the propensity to engage reverse from park;

14

c.  The Toyota Defendants failed to incorporate and/or design reasonable safeguard and protections against the transmission and the propensity to engage Reverse from Park;

d.  The Toyota Defendants failed to adequately test the subject vehicle and the transmission to ensure it provided the owners and operators of the vehicle with a safe vehicle;

e.  By failing to disclose known problems and defects;

f.  By marketing the Subject vehicle as a safe family vehicle that would perform reasonably under foreseeable circumstances;

g.  By failing to notify consumers, owners and operators of the subject vehicle, as required by law, that a defect exits in the Subject vehicle that relates to public safety; and

h.  By failing to recall the transmission system for the subject vehicle and comparable vehicles.

## VII.
## BREACH OF IMPLIED WARRANTY

52.  By reason of the defective and unreasonably dangerous conditions as set forth hereinabove, the Toyota Defendants breached their implied warranties of merchantability and fitness for a particular purpose to all foreseeable consumers of the subject vehicle, specifically including Plaintiff Kelly P. Tang in that the subject vehicle was not reasonably safe and fit for its ordinary and/or foreseeable purposes, and that it was not of merchantable quality.

## VIII.
## PROXIMATE CAUSE

53.  Plaintiff incorporates and each allegation set forth in paragraphs 1 through 34 as if fully rewritten herein.

54.  The Toyota  Defendants' breach of their duty to exercise ordinary care to design, manufacture, distribute and sell a product that is reasonably safe for the purpose for which

it is intended was a direct and proximate cause of the catastrophic failures of the transmission systems of the subject vehicle described hereinabove and of the serious and permanent injuries sustained by the Plaintiff.

55. As a direct, proximate and foreseeable result of the defective nature of the subject vehicle, the Plaintiff suffered permanent bodily injuries, including torso and organ damage as well as facial and dental injuries. The event caused pain and suffering, disability, disfigurement, mental anguish, loss of earning capacity, medical expenses. These losses are continuing.

## V.
## <u>JURY DEMAND</u>

The Plaintiff demands a jury trial on all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendants, for those damages described above and in the full amounts allowed by law, specifically including, but not limited to:

    a.   A judgment in excess of the jurisdictional limits of this Court;

    b.   Pre-judgment interest;

    c.   Post-judgment interest;

    d.   Costs and expenses; and

    e.   All such other relief, whether at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
(210) 490-7402; Telephone
(210) 490-8372; Facsimile
brian@krwlawyers.com; Email
joshua@krwlawyers.com; Email

BY:     */s/ Brian C. Steward*_____
           BRIAN C. STEWARD
           State Bar No. 19201100
           JOSHUA S. HATLEY
           State Bar No. 24083152
           ATTORNEYS FOR PLAINTIFF

17

ys for Plaintiffs